# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CORNELIUS TUCKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 1:18CV897 ) |
| CPL. KIVETT et. al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a pretrial detainee, alleges that his constitutional rights were violated and brings this *pro se* action pursuant to 42 U.S.C. § 1983. (Docket Entry 2.) Defendants, "Chief of Winston-Salem Police Department," Catrina Thompson, "Internal Affairs Division Winston-Salem Police Department," and Sgt. Dorn, have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Docket Entry 30.) Defendants have also filed a Motion for a Prefiling Injunction, requesting that Plaintiff must obtain leave of Court before filing any future civil complaints in the Middle District of North Carolina. (Docket Entry 37.)

**I. BACKGROUND**

Plaintiff originally filed this action *pro se* on October 24, 2018 against Cpl. Kivett, Sheriff Schatzman, Sgt. Ingle, Major Slater, Capt. Guard Settle, and Dr. Cunningham alleging, *inter alia*, due process violations, first amendment violations, cruel and unusual punishment, and

deliberate indifference to a serious medical need. (Docket Entry 2.) Many of these claims do not pertain to the Defendants that have moved to dismiss.

On November 15, 2018, Plaintiff amended the Complaint to include Defendants Chief of Winston-Salem Police Department ("WSPD"), Catrina Thompson, and the WSPD Internal Affairs Division, among other defendants. (Docket Entry 8.) The first page of Plaintiff's Amended Complaint alleges, *inter alia,* fraud, extortion, embezzlement, and violations of the Plaintiff's first, fourth, fifth, sixth, and fourteenth constitutional amendment rights. (*Id.* at 1.) Specifically, Plaintiff included Police Chief Thompson and the Internal Affairs Division "due to depriv[ation] of right(s) to file complaints regarding: life insurance policies, $10,000, stolen, fraud." (*Id.*) In the same Amended Complaint, Plaintiff claims that Defendant Jeri Wagner obtained his property by false pretenses, exploited Plaintiff as a disabled elder, and committed forgery, extortion, and embezzlement regarding Plaintiff's life insurance policies. (*Id.*) Later in the complaint, Plaintiff admits that "[e]ventually, [he] filed Superior C[ourt] claims on Jeri Wagner" and he is merely waiting for access to the case number. (*Id.* at 2.) Plaintiff further alleges that Thompson and the Internal Affairs Division "refused to reply" and discriminated against Plaintiff "based upon upon [his] jail detainee-status." Plaintiff also requests

> that, defendants, Police: Thompson, internal affairs div[ision], also produce for inspection [a number of documents, a] reason for not replying to complaints, [and other documents] pertaining to not replying to complaints. Although . . . in journal [newspaper], Thompson stated she answer[s] all complaints about police complaints to citizens, I'm only a jail detainee.

(*Id.*)

Plaintiff also amended the Complaint to include Sergeant Dorn of the WSPD. (*Id.* at 4) Plaintiff's allegations against Sgt. Dorn are as follows:

> Police Detective Sgt. Dorn, in an interview April 16, 2015, [said] that he received results of DNA test and didn't mention there are 3 or 4 other/additional DNA [samples of] other persons. [H]owever, my attorney Jason B. Crump told me he had an independent DNA testing that had additional DNA of other persons on a terrycloth, amounting [to] unlawful, wrongful DNA analysis . . . Dorm[']s [sic] partner took a soda can out [of my] trash [that] I'd placed to illegally obtain fingerprints, to place them for sole purpose [of a] conspiracy-campaign. Sgt. Dorn ordered said police detective, name-unknown, to throw away said can, which exposed the intent to incriminate Tucker falsely. . . . Racial discrimination, both Caucasian, I'm Af[rican] Amer[ican.]

(*Id.*)

Originally, Plaintiff sought injunctive relief in the form of an MRI scan or neurological examination. (Docket Entry 2.) In his Amended Complaint, Plaintiff seeks an injunction, as well as punitive and compensatory damages. (Docket Entry 8.)

## II. DISCUSSION

### A. Rule 12(b)(6) Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim should be granted if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In other words, the factual allegations must "be enough to raise a right to relief above the speculative level." *Id.* at 555. "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Walters v. McMahen,* 684 F.3d 435, 439 (4th Cir. 2012) (quoting *Twombly,* 550 U.S. at 570). As explained by the United States Supreme Court:

3

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

A 12(b)(6) motion tests the sufficiency of a complaint and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992). Accordingly, a court should "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts. Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). Although the truth of the facts alleged is assumed, courts are not bound by the "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* While courts construe *pro se* complaints liberally, a court should not fashion Plaintiff's arguments for him. *See Small v. Endicott,* 998 F.2d 411 (7th Cir. 1993). Likewise, a court should not "conjure up questions never squarely presented." *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Rule 8 does not, however, unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Fair notice is provided

by setting forth enough facts for the complaint to be "plausible on its face" and "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact.")  *Id.* at 555 (internal citations omitted).  "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Id.* at 556 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).  In addition, *pro se* complaints are to be liberally construed in assessing sufficiency under the Federal Rules of Civil Procedure. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).  However, even under this liberal construction, "generosity is not a fantasy," and the court is not expected to plead a plaintiff's claim for him. *Bender v. Suburban Hosp., Inc.,* 159 F.3d 186, 192 (4th Cir. 1998).  The Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."  *McNeil v. United States*, 508 U.S. 106, 113 (1993).  "Accordingly, pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines."  *Hewitt v. Hutchins*, 309 F. Supp.2d 743, 748–49 (M.D.N.C. 2004) (internal quotations marks omitted).

This court has interpreted the Complaint in this matter to be filed pursuant to 42 U.S.C. § 1983, which, "'is not itself a source of substantive right,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (*quoting Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws of the United States.'"  *Rehberg v. Paulk*, 132 S.Ct. 1497, 1501 (2012) (*quoting Imbler v. Pachtman*, 424 U.S. 409, 417 (1976)).  To state a claim under § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the

5

United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

    1.    Chief of Winston-Salem Police Department, Catrina Thompson, and Winston-Salem Police Department Internal Affairs Division

It is unclear from the Amended Complaint what rights secured by the Constitution or federal laws Plaintiff alleges were violated by the Chief of WSPD, Thompson, and the WSPD Internal Affairs Division. A liberal reading of the Amended Complaint, however, suggests that Plaintiff may be alleging a denial of access to the court and an equal protection violation. Although Plaintiff contends that Defendants "refused to reply" to his complaints (Docket Entry 8 at 2), it is unclear to this Court whether Plaintiff is referring to verbal complaints, written grievances, or legal complaints filed with the Court.

Denial of Access to the Court

In the first page of Plaintiff's Amended Complaint, he alleges he was denied his "right(s) to file complaints[.]" (Docket 8 at 1.) It is unclear whether Plaintiff is claiming he was denied effective access to the courts. Pretrial detainees "possess at least the same rights as convicted prisoners." *Williamson v. Stirling*, 912 F.3d 154, 176 (4th Cir. 2018) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979) ("[P]retrial detainees, who have not been convicted of any crimes, retain at least those constitutional rights that we have held are enjoyed by convicted prisoners.")). Prisoners do have a fundamental constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). However, "[t]o prevail on a claim of denial of access to the court, prisoners must demonstrate actual injury." *Long v. Vaughan*, 652 Fed. Appx. 176, 178 (4th Cir. 2016) (unpublished) (*citing Lewis v. Casey*, 518 U.S. 343, 350–51 (1996)). "Thus, a

6

prisoner must show that the prison policies 'hindered his effort to pursue a legal claim.'" *Id.* (*quoting Casey*, 518 U.S. at 351).

Here, Plaintiff has failed to allege that he was hindered in his effort to pursue legal claims. Although Plaintiff alleges that Defendants denied him of his right to file claims regarding his insurance policies, in the same Amended Complaint, Plaintiff includes his insurance policy allegations against Defendant Wagner. Moreover, Plaintiff later admits that he eventually filed Superior Court claims against Defendant Wagner. Plaintiff has not alleged any cognizable injury, and, therefore, Plaintiff has not stated a claim upon which relief can be granted.

<u>Equal Protection Violation</u>

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Fourth Circuit has held that

> [t]o succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny.

*Morrison v. Garraghty,* 239 F.3d 648, 654 (4th Cir. 2001).

Here, Plaintiff's allegation that Defendants discriminated against him is merely conclusory. Plaintiff made no attempt to explain how he was treated differently from other detainees. Moreover, a "jail-detainee status" (Docket 8) does not raise the level of scrutiny, because inmates are not a protected class. *O'Bar v. Pinion,* 953 F.2d 74, 82 (4th Cir.

7

1991). Thus, Plaintiff does not appropriately state a claim for relief under the equal protection clause of the fourteenth amendment.

2. Sgt. Dorn

It is unclear from the Amended Complaint what rights secured by the Constitution or federal laws Plaintiff alleges were violated. A liberal reading of the Amended Complaint, however, suggests that Plaintiff may be alleging due process and equal protection violations. Plaintiff appears to be accusing the Defendant of racial discrimination and conspiring to deprive Plaintiff of his due process rights by manufacturing a case against him using false evidence.

<u>Due Process Violation</u>

"In general, exhaustion of state remedies is not prerequisite to an action under § 1983, even an action by a state prisoner." *Heck v. Humphrey,* 512 U.S. 477 (1994) (internal quotation marks and citations omitted). However, in order to recover damages for actions that would "render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Id.* at 486-87. The Supreme Court has further held that

> [a] claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

8

*Id.* at 187.

Here, Plaintiff cannot seek civil redress for his conspiracy claim against Defendant Dorn. Plaintiff has not alleged that his conviction or sentence has been expunged, reversed, invalidated, or called into question. In fact, Plaintiff does not specify which criminal conviction or sentence of his that the allegations against Defendant Dorn are referencing. However, if Plaintiff's action alleging that Defendant Dorn conspired to manufacture a case against him using false evidence was successful, it would imply the invalidity of Plaintiff's criminal conviction or confinement. A § 1983 action is not the "appropriate vehicle" for Plaintiff challenging the validity of a criminal judgment, *see id.* at 486, thus, his conspiracy claim against Defendant Dorn must be dismissed.

## Equal Protection Violation

Again, Plaintiff's allegation that Defendants discriminated against him is merely conclusory. Although race is a protected status that raises the level of scrutiny, Plaintiff made no attempt to explain how he was treated differently based on his race. Though it is possible that Defendant Dorn racially discriminated against Plaintiff, the facts are not sufficient to cross "the line from conceivable to plausible," *Twombly,* 550 U.S. at 570, and thus, Plaintiff does not appropriately state a claim for relief under the equal protection clause of the fourteenth amendment.

In summation, as to these Defendants, because Plaintiff's allegations are either conclusory or relief is unavailable to him through a § 1983 action, Plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted.

**B. Motion for a Prefiling Injunction**

Under the All Writs Act, 28 U.S.C. § 1651(a) (2000), a federal court may restrict access to the courts for repeat vexatious and malicious litigants. *Cromer v. Kraft Foods N. Am., Inc.,* 390 F.3d 812, 817 (4th Cir. 2004). District courts have inherent power to control the judicial process and to redress conduct that abuses the process. *Silvestri v. General Motors Corp.,* 271 F.3d 583, 590 (4th Cir. 2001) (citation omitted). *Pro se* litigants are subject to the same rules. *See Armstrong v. Koury Corp.,* 16 F.Supp.2d 616, 620 (M.D.N.C. 2004) (*pro se* litigant who engaged in continuing harassment of defendant corporation through the filing of legal arguments that were "frivolous and lack[ed] evidentiary support" subject to Rule 11 sanctions). However, limiting a *pro se* litigant's free access to the courts should be approached with caution and restrictions imposed only if "exigent circumstances" exist, such as continuous abuse of the judicial process by filing meritless and repetitive actions. *Cromer,* 390 F.3d at 818.

The court in *Cromer* set forth the proper circumstances and factors this court must consider in determining whether a pre-filing injunction is appropriate. *Id.* Under this test, the court must

> weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Id.* Because of due process concerns, pre-filing injunctions must be narrowly tailored based on the circumstances of each case. *Id.* "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the

judicial process and harass other parties." *Safir v. U.S. Lines, Inc.,* 792 F.2d 19, 24 (2d Cir. 1996) (internal citation and quotation omitted). The district court must also "afford the litigant notice and an opportunity to be heard." *Larrimore v. Williamson,* 288 F. App'x 62, 62 (4th Cir. 2008) (unpublished) (citing *Cromer,* 390 F.3d at 819). Notably, the Fourth Circuit has deemed notice to be sufficient when a litigant is given "proper notice of the magistrate's recommendations and ample opportunity to register his objections" before the injunction was imposed. *Joyner v. Riley,* No. 88–6698, 1988 WL 131841, at *1 (4th Cir. Dec. 2, 1988) (unpublished).

Here, the Defendants have motioned for a prefiling injunction that would require Plaintiff to obtain leave of Court before filing any future civil complaints in this Court. (Docket 38). Plaintiff, proceeding *pro se*, is a pretrial detainee. Although Plaintiff has an extensive history of litigation, barring all civil complaints without leave of court is a drastic measure that could create due process concerns.

Defendants also request that, at a minimum, the prefiling injunction should be narrowly tailored to require plaintiff to allege both the necessary factual basis and the grounds that will support his right to the relief sought in this matter. (Docket 38 at 3). This condition, likewise, goes beyond what is necessary to protect this court from Plaintiff's repetitive filings. This matter was already discussed with Plaintiff in the proceedings held on March 12, 2019. (Text Order dated March 12, 2019.) Plaintiff orally clarified what relief he is seeking from this Court, and Plaintiff was warned that continuous indecipherable filings distract this Court from review of potentially meaningful pleadings and is not an efficient use of judicial resources. (*Id.*) As a result of this warning, Plaintiff ceased his repetitive filings on the matter. Moreover, if Plaintiff

11

is bringing vexatious or frivolous claims, this Court has the discretion to further caution Plaintiff or impose Rule 11 sanctions. *See Armstrong*, 16 F. Supp.2d at 620. Thus, there are adequate alternatives to a prefiling injunction available to this court, and a prefiling injunction is inappropriate at this time.

## III. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss (Docket Entry 30) be **GRANTED**, and Defendants Chief of WSPD, Thompson, the WSPD Internal Affairs Division, and Sgt. Dorn be dismissed from this action.

**IT IS FURTHER RECOMMENDED** that Defendants' Motion for a Prefiling Injunction (Docket Entry 37) be **DENIED.**

_____
Joe L. Webster
United States Magistrate Judge

July 24, 2019
Durham, North Carolina