IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CORNELIUS TUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18-CV-897 |
| | ) | |
| CPL KIVETT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

The plaintiff Cornelius Tucker alleges that while he was a pre-trial detainee in Forsyth County, the defendants violated his constitutional rights and committed other torts. Numerous motions have been filed by all the parties. This Order resolves a pending motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which will be granted, and a motion for a prefiling injunction, which will be largely denied. In the Court's inherent authority to manage its docket, the Court will further strike more recent paper writings filed by Mr. Tucker; those paper writings violate the Local Rules and are largely incomprehensible.

On July 24, 2019, the Magistrate Judge filed a recommendation as to the motions to dismiss and for prefiling injunction, Doc. 75, and the Recommendation was served on the parties. Doc. 76. No objections were filed, though Mr. Tucker thereafter filed numerous other paper writings seeking various forms of court action. Doc. 81 (paper writing labelled by the plaintiff as a "motion for protective order"); Doc. 82 (paper writing labelled by the plaintiff as "motion for court issuance of temporary order" related

to his medical care); Doc. 83 (paper writing labelled by the plaintiff as a "motion for consideration of counsel attorney appointment/counsel"); Doc. 84 (paper writing labelled by the plaintiff as a "(motion) request for Summary Judgement order Fed. R. Civ. P. 56(c) And Preliminary Injunction"). After consideration of the record, the Court hereby adopts the Magistrate Judge's Recommendation as stated in this order.

Having liberally construed the complaint, the Court agrees that Mr. Tucker has not alleged facts sufficient to plausibly support a claim for any constitutional violations against defendants Catrina Thompson, Sergeant Dorn, the Winston-Salem Police Department, or the Internal Affairs Division of the Winston-Salem Police Department. Nor are there any facts plausibly indicating that any of these defendants committed torts against Mr. Tucker. Conclusory allegations directed toward unclear causes of action fail to state a claim, and the motion to dismiss filed by these defendants will be granted.

Mr. Tucker's responses to the motion to dismiss are virtually unintelligible and fail to address the legal issues raised by the defendants in their motions. *See* Docs. 42, 49. He failed to object directly to the Magistrate Judge's recommendation and has offered no defense of his claims against these defendants. The Court has no trouble concluding that his claims against these defendants are frivolous.

In his recommendation, the Magistrate Judge concluded that the prefiling injunction sought by several defendants was not appropriate at that time. *See* Doc. 75 at 12. Among the factors he considered was that after a pretrial conference on March 12, 2019, the plaintiff ceased his repetitive filings. *Id*. at 11–12. The defendants have not objected to this recommendation.

2

Even though Mr. Tucker has since resumed his repetitive filings, the Court agrees that the requested injunction prohibiting Mr. Tucker from filing any new lawsuits would likely be overbroad and that there are other ways to deal with Mr. Tucker's unreasonable litigation conduct that should be tried before any restrictions are placed on his ability to file new lawsuits.[1]  A warning and some limits on Mr. Tucker's ability to obtain court consideration of motions and other requests for relief in this case are appropriate, however, given Mr. Tucker's repeated abuse of the litigation process, his repeated violations of the Local Rules, and his repeated filing of conclusory and incoherent paper writings after the Recommendation was filed.

Virtually all of the pleadings and paper writings Mr. Tucker has filed in this case violate the requirements of the Local Rules that handwritten documents be double-spaced, be legibly handwritten, and have certain margins.  *See* LR 7.1.  After an order was entered reminding Mr. Tucker of these provisions of the Local Rules, *see* Text Order 04/30/19, some of Mr. Tucker's paper writings came closer to compliance with these aspects of the Local Rules.  For example, a recent motion for protective order did have wider left and right margins.  Doc. 81.  That paper writing, however, still failed to comply with requirements for top and bottom margins and double spacing.  *Id.*  Other post-warning paper writings he filed in this case, *see, e.g.*, Doc. 67, and other cases

---

[1] It appears that Mr. Tucker is familiar with pre-filing injunctions, as some 25 years ago he is or was subject to one in the Eastern District of North Carolina.  *See Tucker v. Seiber*, 37 F.3d 1496 (table), 1994 WL 567652 (4th Cir. Oct. 18, 1994).  It further appears that around that same time, he was temporarily subject to a prefiling injunction in this district.  *See Tucker v. Frye*, 45 F.3d 427 (table), 1994 WL 709637 (4th Cir. Dec. 22, 1994).

continue to violate all aspects of these formatting rules.[2]  With very few exceptions, these violations were not minor or technical, and they continued despite the Court's warning that it may strike paper writings Mr. Tucker files that are not in compliance with these formatting requirements.  Text Order 04/30/19.  His failure to comply with these rules makes it difficult if not impossible for opposing parties and the Court to understand his arguments and decipher his writings, especially when CM-ECF pagination is appended.

Moreover, Mr. Tucker has filed and submitted numerous paper writings that are not motions, briefs, or pleadings and that are not authorized by Rule 7 of the Federal Rules of Civil Procedure or any court order.  *See, e.g.*, Doc. 11.  Other documents have the word "motion" in the label or title but are mysterious as to the actual relief sought, the authority for such relief, or towards which defendants the motions are directed.  *See, e.g.*, Doc. 10.  Despite the Magistrate Judge's patient efforts over time to make sense of all of these paper writings so that the defendants can appropriately respond and the Court can efficiently resolve the issues, and despite the Magistrate Judge's warnings, *see, e.g.*, Minute Entry and Text Order 03/12/2019, Mr. Tucker continues to file conclusory paper writings that are characterized as motions, *see, e.g*., Docs. 78, 81–84, but are unsupported by briefs as required by the Local Rules.  LR 7.3(a).

While not characterized as such, some of these paper writings appear to be more like motions to amend or motions for injunctive relief.  To the extent the plaintiff is seeking to amend the complaint, he has failed to provide a proposed amended complaint,

---

[2] *See, e.g.*, Compl., *Tucker v. Davis et al.*, No. 19-CV-863, Doc. 2 (M.D.N.C. Aug. 26, 2019); Compl., *Tucker v. Kimbrough et al.*, No. 19-CV-846, Doc. 2 (M.D.N.C. Aug. 19, 2019).

*see* LR 15.1, and to the extent he is seeking injunctive relief, he has failed to submit any evidence to support the request.

For each paper writing, each defendant must spend time reviewing the paper writing and determining whether it is directed against him or her and whether it requires a response. The Court must do the same. This results in a waste of time and resources.

While a broad prefiling injunction may not yet be appropriate, some limits on Mr. Tucker's unbounded filing of paper writings must be imposed. Mr. Tucker has had notice that the Court is considering such restrictions, per previous Text Orders and the motion filed by the defendants. Pursuant to that motion and in the Court's inherent authority to manage its docket, and in an effort to impose the most limited restrictions likely to deter future violations by Mr. Tucker, the Court will take several steps.

First, the Court will order Mr. Tucker to comply with the rules he has repeatedly violated and otherwise to file only comprehensible pleadings that clearly identify the party against whom they are directed and the relief sought. The Court will warn Mr. Tucker that if he continues to file paper writings in this case or in other cases that:

> *(i)* are frivolous or conclusory,
>
> *(ii)* do not comply with the Local Rules or this Order,
>
> *(iii)* are unsupported by evidence if evidence is required, or
>
> *(iv)* are unsupported by a brief if a brief is required,

then he is subject to a financial sanction, his paper writings may be stricken without further notice, his complaint may be dismissed, and the Court may reconsider the appropriateness of a prefiling injunction restricting his ability to file new cases.

Second, the Court will excuse the remaining defendants from responding to any motions or paper writings Mr. Tucker files in this case while the defense motions for summary judgment are pending. Because briefing appears to be complete on pending summary judgment motions filed by the defendants at Docs. 69 and 72, and there does not appear to be any need for any further briefing or pleadings in this case until those motions are decided, this restriction is narrow. It does not preclude Mr. Tucker from filing additional motions and merely ensures that the Court screens such motions before the defendants are required to spend time reviewing and responding to those motions.

Finally, in its inherent authority, the Court will strike the pending motions recently filed by Mr. Tucker. Mr. Tucker has been warned repeatedly that his incoherent and illegible paper writings disrupt efficient and fair resolution of his case. He has been told about the Local Rules and warned that failure to comply may result in the striking of his paper writings. Because his most recent paper writings do not comply with the requirement of the Local Rules as to spacing and margins and were not accompanied by briefs, the Court will strike Mr. Tucker's pending motions at Docs. 78, 81, 82, 83, and 84.

It is **ORDERED** that:

1. The defendants' motion to dismiss, Doc. 30, is **GRANTED** and all claims against Defendants Catrina Thompson, Sergeant Dorn, the "Chief of Winston-Salem Police Department," and the "Internal affairs Division Winston-Salem Police Department" are **DISMISSED**.

2. The defendants' motion for a prefiling injunction, Doc. 37, is **DENIED in part and GRANTED in part,** to the limited extent stated herein.

3. In this case or in any future or other case in which he is a litigant in this district, the plaintiff shall comply with the requirements of LR 7.1 as to margins, legibility, and spacing. Any paper writings other than complaints that do not comply will be stricken without further notice.

4. Going forward in this case:

    a. The plaintiff shall submit a brief in support of any motions, as required by LR 7.3(a);

    b. In any future motions, the plaintiff must clearly identify the defendant against whom relief is sought, the source of legal authority by which the relief is sought, and the nature of the relief sought;

    c. If the plaintiff seeks to amend the complaint, the request shall be made by motion clearly labelled as such and accompanied by a proposed amended complaint and a brief; and

    d. If the plaintiff seeks injunctive relief, the request shall be made by motion clearly labelled as such and supported by admissible evidence and a brief.

    Any motions or other paper writings that do not comply with these requirements may be stricken without notice or denied without requiring any response from any defendant.

5. The plaintiff is **WARNED** that violation of this Order subjects him to other potential sanctions, including but not limited to financial sanctions, the striking

of his complaint in this case, and additional limits on his ability to file motions or new lawsuits.

6. The plaintiff is **WARNED** that should he continue to file motions, complaints, paper writings or other requests for relief in this case or in other cases in this district that are conclusory, unsupported by legal authority, or otherwise frivolous, the Court will consider additional sanctions, including a prefiling injunction limiting his ability to file new lawsuits.

7. All remaining defendants in this case are excused from responding to any paper writing filed by the plaintiff in this case while the current summary judgment motions are pending, subject to further order of the Court.

8. The Clerk shall bring to the immediate attention of the Court any paper writings filed by the plaintiff in this case while the current summary judgment motions are pending.

9. All of the plaintiff's pending motions, Docs. 78, 81, 82, 83, 84, are **STRICKEN** from the record for violating Local Rules 7.1 and 7.3(a).

10. The defendants' summary judgment motions, Docs. 62, 69, 72, remain pending before the Magistrate Judge for a Recommendation.

This the 11th day of September, 2019.

_____
UNITED STATES DISTRICT JUDGE